MISC 21 -2392

AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey  ▾

| | | |
|---|---|---|
| YITZHAK IFFERGAN | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action  No. 3:20-cv-01064-FLW-TJB |
| DANIEL OVADIA, et al. | ) | |
| _Defendant_ | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on _(date)_ _____07/12/2021_____ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: _____08/12/2021_____

**WILLIAM T. WALSH**
_CLERK OF COURT_

_____
_Signature of Clerk or Deputy Clerk_

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 16 2021 ★

BROOKLYN OFFICE

MISC21-2392

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

YITZHAK IFERGAN,

        Plaintiff,

v.

DANIEL OVADIA a/k/a Daniel Obadia,
a/k/a Chalom M. Amoyelle; CHALOM
AMOYELLE; OBADIA UNIVERSAL,
LLC; and JACKSON LAKEWOOD, LLC,

        Defendants.

Civil Action No. 20-1064 (FLW) (TJB)

ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 16 2021   ☆

BROOKLYN OFFICE

**THIS MATTER** having been opened to the Court by Robert J. Tolchin, Esq., counsel for Plaintiff Yitzhak Ifergan ("Plaintiff"), on a Motion for Default Judgment (the "Motion"), *see* ECF No. 20; and it appearing that, in an Order, *see* ECF No. 21, dated January 14, 2021 ("January 14th Order"), the Court granted Plaintiff's motion on Counts I and II of his Complaint as to liability; however, because the Court lacked sufficient accounting to award damages, it further ordered Defendants Daniel Ovadia, Chalom Amoyelle, Obadia Universal, LLC, and Jackson Lakewood, LLC ("Defendants") to deliver to Plaintiff, within thirty (30) days, their books and records related to the Property located at 38 Valley Road, Jackson, New Jersey, which is the subject of the Motion, for an accounting of all profits, losses, and expenses related to the Property from October 2006 to February 2017; and it appearing that the January 14th Order was served on Defendants by Plaintiff via regular mail, *see* ECF No. 22; however, it also appearing that because Defendants failed to provide any form of accounting to Plaintiff as required by the January 14th Order, the Court ordered Defendants to show cause ("February 19th Order to Show Cause"), *see* ECF No. 24, by way of written submission, as to why they should not be held in contempt of the Court's January

1

14th Order for failure to deliver its books and records to Plaintiff; and it appearing that Defendants failed to comply with the February 18th Order to Show Cause, and as a result, the Court ordered Defendants to show cause on July 8, 2021, by way of Zoom hearing, as to why they should not be held in contempt of the Court's February 18th Order to Show Cause for failure to deliver to Plaintiff their books and records related to the Property; it appearing that the Court conducted the July 8th Zoom hearing; however, despite receiving notice of the hearing by regular and certified mail, Defendants failed to appear, *see* ECF No. 28; accordingly, the Court makes the following findings with respect to Plaintiff's request for damages:

1.    The Court finds sufficient basis exists to award Plaintiff damages in the amount of $850,000, which represents the purchase price of the Property in February 2017. (*See* Deed to Property, ECF No. 12.)  However, because Plaintiff cannot provide an accurate accounting of all profits, losses, and expenses associated with the Property from October 2006 to February 2017, the Court cannot award him damages related to rental income purportedly collected by Defendants prior to the sale of the Property.

2.    In addition, the Court awards Plaintiff pre-judgment interest from the date the Property was sold on February 2, 2017, to the date of this Order.[1]  Generally, the decision to award pre-judgment interest to parties prevailing on contract claims lies in the discretion of the trial court in accordance with the equitable principles set forth in *Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d 159, 175 (3d Cir. 2001), and later in *Gleason v. Norwest Mortg., Inc.*, 253 F. App'x 198, 204 (3d Cir. 2007).  In determining pre-judgment interest, the Court applies New Jersey law, *see Little Wash. Fabricators, Inc. v. J. Blanco Assocs.*, 2020 US

---

[1]    The Court also notes that Plaintiff requested pre-judgment interest in his Motion for Default Judgment, and therefore, Defendant had notice of such a request. (*See* ECF No. 20-1, at 7-8.)

2

Dist. LEXIS 195331, *6, 2020 WL 6156757 (D.NJ. 2020), and the "primary consideration in awarding pre-judgment interest is that the defendant has had the use, and the plaintiff has not, of the amount in question." *Litton Indus. v. IMO Indus., Inc.*, 200 N.J. 372, 390 (2009) (citing *Rova Farms Resort, Inc. v. Investors Ins. Co.*, 65 N.J. 474, 506 (1974)). Indeed, courts in this district have routinely awarded pre-judgment interest in breach of contract actions where a plaintiff was deprived of funds without receiving that which was promised in return. *See Devine v. Advanced Computer Concepts, Inc.*, No. 08-875, 2009 WL 78158, at *2 (D.N.J. Jan. 9, 2009). Except in unusual circumstances, district courts award pre-judgment interest at the rate set forth in New Jersey Court Rule 4:42-11. *Napp Techs., L.L.C. v. Kiel Labaratories, Inc.*, Civ. No. 04-3535, 2008 WL 5233708, at *9 (D.N.J. Dec. 12, 2008) (quoting *Benevenga v. Digregorio*, 325 N.J. Super. 27, 35 (App. Div. 1999)).

Accordingly, for the reasons set forth herein, the reasons stated on the record at the July 8th hearing, and for good cause shown,

**IT IS** on this 12th day of July, 2021,

**ORDERED** that judgment is entered against Defendants Daniel Ovadia, Chalom Amoyelle, Obadia Universal, LLC, and Jackson Lakewood, LLC in favor of Plaintiff Yitzhak Ifergan for damages in the amount of $850,000, pre-judgment interest in the amount of $124,391.11,[2] and post-judgment interest[3] based on Defendants' breach of the parties' contractual agreement.

---

[2]     The Court agrees with Plaintiff's calculation of pre-judgment interest as expressed in its letter to the Court dated July 8, 2021. (ECF No. 30.)

[3]     "Post-judgment interest in federal court is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction." *Geiss v. Target Corp.*, No. 09-2208, 2015 WL 5227620, at

s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office.
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
WILLIAM T. WALSH, CLERK
By _____
Deputy Clerk

---

*2 (D.N.J. Sept. 8, 2015) (citing *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988)). Under 28 U.S.C. § 1961, a post-judgment interest award is mandatory. *Id.* (citing *Dunn v. HOVIC*, 13 F.3d 58, 60 (3d Cir. 1993)). Such interest runs from the date of entry of judgment and is computed daily until the judgment is paid in full. *Id.* Section 1961(a) directs that the post-judgment interest rate be set as "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding ... the date of the judgment." The average 1-year constant maturity Treasury yield for the week of July 5, 2021, as published by the Federal Reserve Board of Governors, was 0.075%.